UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case no: 1:10-CV-20253-Moreno-Torres

**FRANCISCO OBANDO**

    Plaintiff,

       v.

**LABORATORY CORPORATION OF AMERICA**
      Defendant.

_____/

## PLAINTIFF, FRANCISCO OBANDO'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Comes now, the Plaintiff, **Francisco Obando** (hereinafter the "**Plaintiff**"), on behalf of himself and by and through undersigned counsel, who files this response to the Defendant, **Laboratory Corporation of America's**, (hereinafter "**Lab**") motion to dismiss, and in support thereof would state the following:

### MEMORANDUM OF LAW

I. **LabCorp is liable for the actions of LCA Collections which were in violation of the FDCPA**

Defendant **Lab** has clearly attempted to collect a debt under a name other than its own. By using the name LCA Collections in large font at the top of the letters sent to the Plaintiff, **Lab**, through the guise of "LCA

Collections", has subjected itself to the FDCPA. Much of the **Lab's** motion attempting to dismiss this complaint helps prove this point.

**Lab** has used a name other than its own satisfying 15 U.S.C. §1691(a)(6). As shown by the differences between Exhibit B of the original complaint and Exhibit A and C, **Lab** has used a name other than its own to attempt to collect a debt. This is considered the activity of a "debt collector" under 15 U.S.C. §1691(a)(6). Furthermore, LCA Collections is not registered in the state of Florida as a corporation, further evidencing the Defendant **Lab's** attempt to hide behind the title of LCA Collections.

Nowhere in **Lab's** motion does it argue that the "debt collector" exceptions of 15 U.S.C. §1691(a)(6)(B) apply to this case. Furthermore, **Lab** fails to state that LCA Collections principle business is not the collection of debts. Thus, **Lab** has used the name LCA Collections in an attempt to collect its debts and LCA Collections gives the indication of a third person attempting to collect the debts. If LCA Collections is only in the business of collecting debts, then its activity is subject to the FDCPA regardless of its owner being the original creditor.

The cases cited by the **Lab** in support of its motion help evidence its failure to meet the debt collector exception of the FDCPA. In *Meeds v. Citicorp Credit Servs., Inc.*, 686 F. Supp. 330 (S.D. Ga. 1988) the court made the determination that the creditors subsidiary debt collection company was not principally in the business of collection debts. If this was

true of LCA Collections, **Lab** would have argued it.  **Lab** fails to state anywhere in its motion that LCA Collections has any purpose other than the collections of debts.  **Lab** fails to cite a single case that is binding on this forum as this is a question of law that has not been addressed by this circuit.

Furthermore, as evidenced by the Exhibits attached to the original complaint, **Lab** attempts to collect debts under both its own name and LCA Collections.  Rather than clearly indicating to the consumer that this is the original creditor attempt to collect a debt, **Lab** uses this strategy to scare a consumer into thinking that they have been placed into collections.

Finally, LCA Collections is not clearly linked to **Lab** under the least sophisticated consumer standard.  Rather, a least sophisticated consumer who receives a letter from LCA Collections shortly after receiving a letter from **Lab** may fear being placed into collections on a debt he does not owe.  In this case, a debt that was covered from its inception due to the injury occurring at the workplace and a debt that **Lab** and LCA Collections should have known was not owed by the Plaintiff.

Wherefore, the Plaintiff asks this court to deny the Defendant **Lab's** motion to dismiss as **Lab** was clearly attempting to collect a debt under a name and company other than itself and fails to meet any of the exceptions listed under the FDCPA.

Dated this 29 day of March, 2010.

Respectfully Submitted by,

**The Fair Credit Law Group, LLC**
**3330 NW 53rd Street #306**
**Fort Lauderdale, FL 33309**
**Tel: 954-334-9100**
**Fax: 954-986-4777**


**___/s/ Paul A. Herman_____**
**Filed by: Joel A. Brown, Esq**
**FL Bar #0066575**
**Paul A. Herman, Esq**
**FL Bar #0405175**
**Attorney for Plaintiff**